**Laurel MULLIN, Plaintiff**

v.

**ROCHESTER MANPOWER, INC.; Manpower, Inc.; and Maryann Dee, Defendants**

**No. 00–CV–6257 CJS(B).**

United States District Court, W.D. New York.

Jan. 10, 2002.

---

Laurence E. Pappas, Esq., Pappas and Pappas, Rochester, NY, for Plaintiff.

Matthew J. Fusco, Esq., Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for Defendants.

### DECISION and ORDER

SIRAGUSA, District Judge.

Plaintiff filed a complaint on June 7, 2000, seeking injunctive relief, a declaratory judgment, and money damages under the Family and Medical Leave Act, the Pregnancy Discrimination Act, Title VII of the Civil Rights Act of 1964, as amended, and the Human Rights Law of the State of New York. Defendants responded on June 27, 2000, with a notice of motion seeking a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded on August 21, 2000, by filing a notice of cross-motion seeking an amendment of her complaint and an order denying defendants' motion seeking dismissal of plaintiff's third, fourth, and fifth causes of action. For the reasons stated below, the Court denies defendants' motion to dismiss and grants plaintiff's motion to amend.

### DISCUSSION

#### Amendment of Plaintiff's Complaint

■ The Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The gist of plaintiff's argument on the amendment of her complaint is that although original complaint sufficiently meets the pleading requirements under the various Acts, amendment should be permitted at this early stage of the action "so that there will be no doubt as to the facts underlying her claim against Defendants based upon a denial of her right to take leave pursuant to the Family and Medical Leave Act." Pappas aff. at ¶ 16.

Plaintiff further provides proof of the sequence of events following the filing of the her complaint on June 7, 2000. On June 12, 2000, the complaint was served on defendants, Rochester Manpower, Inc. and Maryann Dee. On June 14, 2000, the complaint was served on defendant Manpower, Inc. On June 27, 2000, defendants filed their answer and their motion to dismiss. On July 12, 2000, plaintiff's attorney sent a letter and proposed amended complaint to defendants' counsel requesting that the defendants consent to allow plaintiff to amend her complaint. Pappas aff. at ¶¶ 4—9. Defendants' counsel responded in a letter dated July 14, 2000, in which

counsel stated, "I am not inclined to voluntarily accept service [of the amended complaint] since we believe that our motion for partial dismissal is warranted even in light of the proposed amendment." Matthew J. Fusco letter to Lawrence E. Pappas (July 14, 2000) attached as Exhibit F to plaintiff's exhibits. In the same letter, defendants' counsel also expressed confusion, "by the new allegations in light of our conversation wherein you represented your client never asked for leave in connection with the second pregnancy." *Id.* Defendants' counsel's letter does not indicate an objection to the amendment based upon delay, undue prejudice, or expense.

The Court may deny leave to amend in the face of, "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also, United States v. Continental Illinois National Bank and Trust Company,* 889 F.2d 1248, 1254 (2d Cir. 1989). After reviewing counsels' arguments for and against amendment, the Court finds that the interests of justice require that the motion to amend be granted.

### Motion to Dismiss and Sufficiency of Amended Complaint

Because the Court has granted plaintiff's motion to amend, the Court denies defendants' motion to dismiss counts of the original complaint as moot. Nevertheless, in anticipation of a motion to dismiss and the amended complaint, and because defendants' counsel opined that even the amended complaint would not withstand their motion to dismiss, the Court will discuss the sufficiency of the amended complaint in light of Federal Rules of Civil Procedure 12(b)(6).

In reviewing a motion to dismiss, the Court must presume that the allegations in the complaint are true and resolve all doubts and inferences in favor of the non-moving party. *Wright v. Ernst & Young LLP,* 152 F.3d 169, 173 (2d Cir.1998). The complaint cannot be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991). "This caution against dismissal applies with even greater force where the complaint is *pro se,* ... or where the plaintiff complains of a civil rights violation...." *Easton,* 947 F.2d at 1015 (internal citations omitted).

Title 29 U.S.Code § 2612(a)(1) entitles an eligible employee to a total of twelve workweeks of leave during any twelve month period for the birth of a son or daughter, or in order to care for a son or a daughter. The term "eligible employee" is defined in § 2611(2)(A) as an employee who has been employed for at least twelve months by the employer with respect to whom leave is requested under § 2612 and for at least one thousand two hundred fifty hours of service with such employer during the previous twelve month period. In her amended complaint, plaintiff adds sufficient factual allegations to prove that she was an eligible employee. *See* Amended Complaint at ¶¶ 12—13. In addition, the statute also defines the term "employer" under § 2611(4) as any person engaged in commerce or in any industry or activity affecting commerce who employs fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year. Again, in her proposed amended

complaint, plaintiff alleges facts sufficient to show that Rochester Manpower, Inc. qualifies as an employer under 29 U.S.Code § 2611.

Plaintiff also asserts a claim under Title VII of the Civil Rights Act of 1964, codified in 42 U.S.Code § 2000e *et seq.*, and the Pregnancy Discrimination Act. Title 42 U.S.Code § 2000e-II(a), states in pertinent part,

It shall be an unlawful employment practice for an employer -

to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, condition, or privileges of employment because of such individual's race, color, religion, sex, or national origin....

· The definitional section of that statute, 42 U.S.Code § 2000e(k), states that the terms "because of sex" or "on the basis of sex" include,

but are not limited to, because of or on the basis of pregnancy, child birth, or related medical conditions; and woman affected by pregnancy, child birth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, an nothing in § 2000e-II(h) of this Title shall be interpreted to permit otherwise....

Finally, plaintiff makes a claim under the New York State Human Rights Law, codified at New York Executive Law § 296. That statute makes it an unlawful discriminatory practice

for an employer or licensing agency, because of the age, race, creed, color, national origin, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

N.Y. EXEC. LAW § 296(1)(A). That statute also makes it an unlawful employment practice, "for an employer to compel an employee who us pregnant to take a leave of absence, unless the employee is prevented by such pregnancy from performing the activities involved in the job or occupation in a reasonable manner." N.Y. EXEC. LAW § 296(1)(g). The Court notes that the elements of Title VII and New York Discrimination Law claims are virtually identical. *See, Clark v. New York State Electric and Gas Corp.*, 67 F.Supp.2d 63 (N.D.N.Y. 1999).

■ Defendants' motion against the original complaint was predicated on the argument that plaintiff had set forth no facts which would entitle her to relief under the Family and Medical Leave Act, which is encompassed by the third, fourth, and fifth causes of action in the original and amended complaints. Defendants argue in their memorandum of law, at 2, that plaintiff was not terminated for the leave she took in 1997. If defendants made a similar claim with regard to the amended complaint, the Court would agree that even plaintiff's amended complaint does not allege a violation based on her 1997 pregnancy and leave. Defendants also contended that plaintiff did not allege in her complaint that she took or requested Family Medical Leave Act leave between 1997 and 2000. Defendants argue, therefore, that plaintiff has made no claim that she was terminated in retaliation for the exercise of her rights.

In sum, there is simply no claim that plaintiff engaged in any activity giving rise to protection of the FMLA...plain-

tiff does not allege that she was denied FMLA leave, nor does she allege that she was terminated after notifying defendants of a future scheduled leave. Thus, the complaint is legally insufficient to establish a *prima facie* case. Defendants' Memorandum of Law at 2.

Plaintiff responded to defendants' arguments by stating in paragraph 34 of her amended complaint that, "plaintiff gave Rochester Manpower, Inc. approximately seven (7) months of notice of her intention to take maternity leave." Thus, although plaintiff did not use the letters FMLA or the words "Family Medical Leave Act," paragraph 34 of the amended complaint does succinctly state that she gave notice of her intent to take maternity leave. Maternity leave is one of the bases for leave under the Family Medical Leave Act. *See* 29 U.S.Code § 2612(a)(1)(A). The statute requires the employee to give not less than thirty days notice before the date the leave is to begin of the employee's intention to take leave under such sub-paragraph. 29 U.S.Code § 2612(e)(1). In the regulations governing the Family Medical Leave Act, an employee

> need not expressly assert rights under the FMLA or even mention the FMLA, but may only state that leave is needed for an expected birth, or adoption, for example. The employer should inquire further of the employee if it is necessary to have more information about whether FMLA leave is being sought by the employee and obtain the necessary details of the leave to be taken.

29 C.F.R. § 825.302(c).

For the purposes of a motion to dismiss under the Rule 12(b)(6), the Court would find that the amended complaint adequately states facts supporting the causes of action which defendants sought to dismiss by their motion to dismiss counts of the original complaint. *Cf. Vicioso v. Pisa*

*Brothers, Inc.,* 1998 WL 355415 (S.D.N.Y. 1998) (the court found plaintiff failed to prove notice when complaint did not allege she provided defendant with notice prior to or during absence). Thus, were defendants to move to dismiss the amended complaint on the grounds discussed above, the Court would deny the motion.

## CONCLUSION

Plaintiff's motion to amend the complaint (# 10) is granted and defendants' motion to dismiss the third, fourth and fifth causes of action in the original complaint (# 4) is denied as moot.

IT IS SO ORDERED.